IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01160-PAB

CHRISTY R. GORRINGE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on plaintiff Christy R. Gorringe's motion for attorney's fees [Docket No. 19] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Carolyn W. Colvin (the "Commissioner") opposes [Docket No. 22]. The Commissioner believes she was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A) (2006)).

**I. ANALYSIS**

    "[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934. Under the EAJA, "'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or

against the United States . . ., unless the court finds that the position of the United States was substantially justified." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The standard is satisfied if there is a "genuine dispute." *Id*. (citing Advisory Committee's Notes on 1970 Amendments to Fed. Rule Civ. Proc. 37(a)(4)). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because the ALJ (1) did not explain why he accorded the greatest weight to the opinion of the State agency reviewing psychologist R. Brill; (2) did not address medical opinions that plaintiff is moderately limited in certain cognitive areas or explain how these moderate limitations are consistent with the ALJ's finding that plaintiff has the residual functional capacity ("RFC") to perform "simple to semi-skilled tasks on a sustained basis;" and (3) did not explain his conclusion that plaintiff's past employment as a receptionist was marked by "stress and pressures" that are "not reflective of the job of receptionist as normally performed in the economy." *Gorringe v.*

---

[1]The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

*Astrue*, No. 11-cv-01160-PAB, 2012 WL 4510715, at *3-5 (D. Colo. Sept. 30, 2012).

"Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant." 20 C.F.R. § 404.1527(e)(2)(ii); *see also* SSR 96-6P, 1996 WL 374180, at *2 (July 2, 1996) (ALJs "are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions."). "An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Id*.; *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004). "[A] moderate impairment is not the same as no impairment at all." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

The Commissioner argues that her position in this case was substantially justified because (1) there was a genuine dispute as to whether the ALJ was required to consider Dr. Brill's finding of moderate limitations, since agency instruction manuals provide that such a finding does not bear on functional capability; (2) the ALJ addressed the opinion of Dr. Mark Green and, although he "failed to fully explain" how Dr. Green's findings were consistent with the RFC, he "offered at least a concise evaluation" of Dr. Green's opinion; and (3) the ALJ's finding that plaintiff could perform the job of receptionist did not conflict with the Dictionary of Occupational Titles ("DOT") or the testimony of the vocational expert ("VE"). Docket No. 22 at 3-5. The Court considers each argument in turn.

### A.  Dr. Brill's Opinion

Dr. Brill completed a Mental Residual Functional Capacity Assessment in which she found that plaintiff was moderately limited in her ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, "complete a normal workday and workweek without interruptions from psychologically based symptoms," and "perform at a consistent pace without an unreasonable number and length of rest periods."  R. at 290-91.

In support of the argument that the ALJ was not required to discuss these findings, the Commissioner cites the Program Operations Manual System ("POMS"), which instructs the medical consultant as follows: "**Include no severity ratings** or **nonspecific** qualifying **terms** (e.g., moderate, moderately severe) to describe limitations.  Such terms do not describe function and do not usefully convey the extent of capacity limitation."  POMS DI 24510.065.B.1.c, Section III of SSA-4734-F4-SUP - Functional Capacity Assessment, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510065 (emphasis in original).  This argument is legally flawed in several respects.  First, the ALJ did not cite POMS in his assessment of Dr. Brill's opinion.  *See* R. at 17.  The Court may not rely on a post-hoc rationale for the ALJ's decision that is not evident in the decision itself.  *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).

Second, as the Court explained in its September 30, 2012 Order, the Commissioner's reading of the POMS conflicts with applicable Tenth Circuit precedent. *Gorringe*, 2012 WL 4510715, at *4 (citing *Haga*, 482 F.3d at 1208; *Baysinger v. Astrue*,

No. 11-cv-00333-WYD, 2012 WL 1044746, at *6 (D. Colo. March 28, 2012)).

Third, the cited statement appears in a directive to medical consultants on how to fill out Part III of a Functional Capacity Assessment Form. POMS DI 24510.065.B.1.c. Dr. Brill's finding appeared in Part I of the form. R. at 290. In explaining how to complete Part I of the form, the POMS instructs medical consultants to check the box indicating a moderate limitation "when the evidence supports the conclusion that the individual's **capacity to perform** the activity is **impaired**. **NOTE:** The **degree and extent** of the capacity or **limitation** must be described in narrative format in Section III." POMS DI 24510.063, Completion of Section I of SSA-4734-F4-SUP, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510063 (emphasis in original). Other courts in this district have held that, where a medical consultant fails to discuss in Part III a moderate limitation noted in Part I, the ALJ must nonetheless consider the limitation to comply with the holding in *Haga*, 482 F.3d at 1208, that the ALJ must consider all moderate impairments. *Baysinger*, 2012 WL 1044746, at *6; *McLeran v. Astrue*, No. 09-cv-02924-LTB, 2010 WL 4318579, at *6 (D. Colo. Oct. 25, 2010). The ALJ was not required to adopt Dr. Brill's finding of moderate limitations, but was required to address them in formulating plaintiff's RFC. The failure to do so and the Commissioner's reliance on the POMS to justify that failure are not reasonably based in law.

### B. Dr. Green's Opinion

The Commissioner's argument that the ALJ's decision was reasonable because he "address[ed]" Dr. Green's opinion and "offered at least a concise evaluation" of it

also lacks a basis in law.  Since the ALJ did not give controlling weight to the opinion of a treating physician, he was required to weigh Dr. Green's opinion according to the relevant factors and explain the weight he gave it.  *See* 20 C.F.R. § 404.1527(e)(2)(ii).  The ALJ stated that he gave the opinion "great weight," R. at 17, but failed to explain why he gave the opinion such weight or to explain the inconsistency between the opinion and the RFC.  The ALJ had the burden of proving his RFC determination.  *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005).  By failing to explain how Dr. Green's opinion supported that determination, the ALJ did not carry his burden.

### C.  Step Five

The Commissioner argues that the ALJ was justified in finding that plaintiff could perform the job of receptionist because the ALJ "alluded to" evidence that plaintiff told her physician that her boss had been documenting minor errors on her part.  Docket No. 22 at 5.  The Court has already rejected this argument.  *See Gorringe*, 2012 WL 4510715, at *4.  The ALJ stated that plaintiff "testified she believed her job at Kaiser Permanente ended because she was 'set up' by coworkers and administrative staff to make mistakes, and she had problems interacting with the public."  R. at 17.  The ALJ found that the "particular stress and pressures the claimant experienced at the Kaiser Permanente job are not reflective of the job of receptionist as normally performed in the economy, according to the DOT."  R. at 18.

The ALJ did not provide any support for this assertion, other than a general reference to the DOT.  The Court found that the VE's testimony, which the Commissioner also relies on, does not indicate that plaintiff's previous receptionist

position differs from the job as typically performed in the economy. *Id*. The ALJ bears the burden at Step Five and cannot meet this burden by invoking the name of the DOT or alluding generally to evidence without explaining the specific facts that support his conclusion. *See Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. §§ 404.1520(b)-(f)).

### D.  Attorney's Fees

Plaintiff requests an award of $7,328.89 in attorney's fees accrued through the litigation of the instant motion, constituting 41.25 hours of work at a rate of $177.67 per hour. Docket No. 19-2 at 1-2; Docket No. 20 at 13; Docket No. 23 at 4. The Commissioner does not dispute the amount requested. See Docket No. 22.

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court finds that the hours claimed are reasonable. In addition, the Court notes that Mr. Noel undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff.

In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an attorney's fee of $7,328.89 is reasonable.

## II. CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d) [Docket No. 19] is GRANTED.  It is further

**ORDERED** that plaintiff Christy R. Gorringe is awarded $7,328.89 in attorney's fees.

DATED July 25, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge